[Cite as *State v. Martre*, 2019-Ohio-2072.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO.  1-18-61

    v.

DERRICK L. MARTRE,                    O P I N I O N

    DEFENDANT-APPELLANT.

---

**Appeal from Allen County Common Pleas Court**
**Trial Court No. CR2017 0387**

**Judgment Affirmed**

**Date of Decision:  May 28, 2019**

---

APPEARANCES:

    *F. Stephen Chamberlain* **for Appellant**

    *Jana E. Emerick* **for Appellee**

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Derrick Martre ("Martre"), appeals the judgment entry of sentencing and sexual classification of the Allen County Court of Common Pleas. We affirm.

{¶2} On December 14, 2017, the Allen County Grand Jury indicted Martre on count one, gross sexual imposition, a violation of R.C. 2907.05(A)(4), (C)(2), a third-degree felony; count two, gross sexual imposition, a violation of R.C. 2907.05(A)(4), (C)(2), a third-degree felony; count three, pandering sexually-oriented matter involving a minor, a violation of R.C. 2907.322(A)(1), (C), a second-degree felony; count four, illegal use of a minor in nudity-oriented material or performance, a violation of R.C. 2907.323(A)(1), a second-degree felony; count five, pandering sexually-oriented matter involving a minor, R.C. 2907.322(A)(1), (C), a second-degree felony; and count six, illegal use of a minor in nudity-oriented material or performance, a violation of R.C. 2907.323(A)(1), a second-degree felony. (Doc. No. 3).

{¶3} On, December 20, 2017, Martre was arraigned, and through his court appointed counsel, entered pleas of not guilty to all counts in the indictment.[1] (Doc. No. 13). The State and Martre engaged in pre-trial negotiations.[2]

---

[1] The transcript of the arraignment was not provided to this Court.
[2] On February 2, 2018, Martre waived his speedy trial rights in order to allow the defense additional time to prepare the case, discuss strategy, and negotiate with the State. (February 2, 2018 Tr. at 1-6); (Doc. Nos. 20, 110).

{¶4} On May 14, 2018, with potential jurors, parties, and witnesses gathered and prepared for trial, Martre entered pleas of no-contest to all counts in the indictment as a result of a negotiated plea agreement. (May 14, 2018 Tr. at 2, 3, 19, 20); (Doc. Nos. 62, 69). In exchange for Martre's no-contest pleas in the negotiated plea agreement, the State agreed to dismiss the indictment in another of Martre's cases (case number CR2018 0015) and to make no specific sentencing recommendations at the time of sentencing except to be heard on the facts. (May 14, 2018 Tr. at 2, 3, 21, 22, 25, 26); (Doc. Nos. 62, 69). The trial court conducted its Crim.R. 11 colloquy accepting Martre's no-contest plea, found him guilty, and ordered a presentence investigation. (*Id.* at 1-27); (Doc. No. 63).

{¶5} On June 21, 2018, the trial court held a hearing regarding a correspondence it (the trial court) received from Martre which indicated that he had additional information that he felt the trial court should consider in regard to Martre's withdrawal of his plea.[3] (June 21, 2018 Tr. at 1, 2); (Doc. No. 112). The trial court ordered the preparation of a transcript from the change of plea hearing.[4] (*Id.* at 3).

---

[3] This correspondence is not part of the trial court's record, other than, its reference in the transcript. (June 21, 2018 Tr. at 1, 2); (Doc. No. 112). There also appears to have been a second correspondence sent to the trial court dated June 29, 2018 which was referenced at another hearing, but also not included in the record. (July 18, 2018 Tr. at 1); (Doc. No. 113).

[4] No order is journalized in the record regarding the preparation of the change of plea transcript.

Case No. 1-18-61

**{¶6}** On July 3, 2018, Martre filed a written motion in the trial court to withdraw his guilty plea.[5] (Doc. No. 70). After a hearing on the motion (on July 18, 2018), the trial court overruled Martre's motion to withdraw his plea. (Doc. No. 73).

**{¶7}** On August 21, 2018, the trial court sentenced Martre to an aggregate term of 12 years in prison.[6] (August 21, 2018 Tr. at 20, 21); (Doc. Nos. 82, 115). The trial court filed its judgment entry of sentencing and sexual classification on August 21, 2018. (Doc. No. 82).

**{¶8}** Martre filed his notice of appeal on November 13, 2018 and raises two assignments of error for our review. (Doc. No. 88).

### Assignment of Error No. I

**The trial court committed error in failing to allow the defendant to withdraw his no-contest plea prior to sentencing. This violates a fundament right to trial pursuant to the Fourteenth Amendment of the United States Constitution and the Ohio Rules of Criminal Procedure.**

---

[5] We note the defendant entered no-contest pleas.

[6] The original sentencing hearing was scheduled on August 14, 2018. It was rescheduled as a result of Martre's refusal to allow the trial court judge to speak. (August 14, 2018 Tr. at 1-6); (Doc. No. 114). Martre was ultimately removed from the courtroom. (August 14, 2018 Tr. at 4, 5); (Doc. No. 114). Martre filed three pro se motions (motion to suppress, motion to withdraw plea, and motion for alternate counsel) none of which appear in the record, but are referenced at the sentencing hearing. (August 21, 2018 Tr. at 3-5); (Doc. No. 115). Martre withdrew all of his pro se motions prior to his sentencing hearing on August 21, 2018. (August 21, 2018 Tr. at 3-5); (Doc. No. 115). Despite the foregoing, the trial court could have properly disregarded those pro se motions because Martre was represented by counsel. *See State v. Jones*, 8th Dist. Cuyahoga No. 106027, 2018-Ohio-2055, fn. 1, citing *State v. Washington*, 8th Dist. Cuyahoga Nos. 965065 and 96568, 2012-Ohio-1531, 2012 WL 1142566, ¶ 11 (when a criminal defendant is represented by counsel, a trial court may not entertain a pro se motion filed by the defendant).

-4-

**{¶9}** In his first assignment of error, Martre argues that the trial court committed error by denying his presentence motion to withdraw his no-contest plea. In particular, Martre argues that the trial court should have granted his request because there was additional evidence (from Martre's recent ex-girlfriend) alleging that she lied to the police and was blackmailing Martre.[7] Further, Martre argued that the trial court should have permitted him to withdraw his plea because he was unable to locate the search warrant (from the Toledo Police Department) in his discovery packet, and therefore, he should have been permitted to file a motion to suppress the search of his cell phone.

*Standard of Review*

**{¶10}** Crim.R.32.1 provides that a defendant is permitted to file a pre-sentence motion to withdraw a no-contest plea. The general rule is that a trial court should freely grant such a motion. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992); *State v. Spivey*, 81 Ohio St.3d 405, 415, 692 N.E.2d 151 (1998). However, defendants do not have an absolute right to withdrawal of a no-contest plea prior to sentencing. *Xie*, paragraph one of syllabus; *Spivey* at 415, 629 N.E.2d 151. Instead, a trial court must hold a hearing to determine whether a "reasonable and legitimate basis" exists to allow a defendant to withdraw that plea. *Id.*; *Id.*

---

[7] Martre's ex-girlfriend, Alicia Arnold, was the person who actually turned Martre's cellphone into the Toledo Police Department resulting in the initial report of a crime. (Doc. No. 73).

{¶11} It remains within the sound discretion of the trial court to decide whether to grant or deny a defendant's pre-sentence motion to withdraw a plea. *Xie*, paragraph one of syllabus; *Spivey* at 415, 629 N.E.2d 151. An appellate court's review of a trial court's decision to deny the pre-sentence motion to withdraw a no-contest plea is limited to whether the trial court abused its discretion. *State v. Peterseim*, 68 Ohio App.2d 211, 213-214, 428 N.E.2d 863 (8th Dist.1980). An abuse of discretion connotes that a decision is unreasonable, arbitrary, and unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158, 404 N.E.2d 144 (1980). When applying this standard, the appellate court may not substitute its judgment for that of the trial court. *State v. Williams*, 3d Dist. Logan No. 8-18-06, 2018-Ohio-3615, ¶ 9, citing *State v. Adams*, 3d Dist. Defiance No. 4-09-16, 2009-Ohio-6863, 2009 WL 5064297, ¶ 33.

*Analysis*

{¶12} We consider certain factors when reviewing a trial court's decision to grant or deny a pre-sentence motion to withdraw a plea. Those factors are: (1) whether the withdrawal will prejudice the prosecution; (2) the representation afforded the defendant by counsel; (3) the extent of the hearing held pursuant to Crim.R. 11; (4) the extent of the hearing on the motion to withdraw the plea; (5) whether the trial court gave full and fair consideration of the motion; (6) whether the timing of the motion was reasonable; (7) the stated reasons for the motion; (8)

whether the defendant understood the nature of the charges and potential sentence; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge. *State v. Maney*, 3d Dist. Defiance Nos. 4-12-16 and 4-12-17, 2013-Ohio-2261, ¶ 18, citing *State v. Griffin*, 141 Ohio App.3d 551, 554 (7th Dist.2001); *see also State v. Fish*, 104 Ohio App.3d 236, 240 (1st Dist.1995), *overruled on other grounds*, *State v. Sims*, 1st Dist. Hamilton No. C-160856, 2017-Ohio-8379; s*ee also State v. Lane*, 3d Dist. Allen No. 1-10-10, 2010-Ohio-4819, 2010 WL 3836165, ¶ 21, citing *Griffin* at 554 and *Fish* at 240. No one factor is determinative; each factor must be weighed. *State v. North*, 3d Dist. Logan No. 8-14-18, 2015-Ohio-720, ¶ 16, citing *Griffin* at 554 and *Fish* at 240. Ohio Courts have consistently held that a "change of heart" is not sufficient justification to withdraw a plea. *State v. Davis*, 2d Dist. Montgomery No. 18172, 2001 WL 10037, ¶ 2 (January 5, 2001), citing *State v. Drake*, 73 Ohio app.3d 640, 645, 598 N.E.2d 115 (8th Dist.1991). *See also*, *Mooty*, *supra,* 2d Dist. Greene No. 2000 CA 72, 2001-Ohio-1464, 2001 WL 991976 (defendant's motion to withdraw his guilty plea "was based solely on an unexpected incarceration sentence, a mere change of heart," and as such was an insufficient rationale to withdraw a guilty plea); *State v. Brooks*, 10th Dist. Franklin Nos. 02AP-44, 02AP-45, 02AP-46, 02AP-47, and 02AP-48, 2002-Ohio-5794, at ¶ 51 ("[a] defendant's change of heart or mistaken belief about the guilty plea or expected sentence does not constitute a legitimate basis that requires the trial court to permit

the defendant to withdraw the guilty plea"). Ohio Courts have drawn this conclusion even under the liberal standards that govern a presentence plea withdrawal motion. *State v. Griffin*, 8th Dist. Cuyahoga No. 82832, 2004-Ohio-1246, 2004 WL 529406, ¶ 18, citing *State v. Holloman*, 2d Dist. Greene No. 2000CA82, 2001 WL 699533, ¶ 2 (June 22, 2001), and *Mooty* at ¶ 3.

{¶13} Our examination of the reasonable-and-legitimate-basis factors supports the trial court's decision to deny Martre's presentence motion to withdraw his no-contest plea. For the reasons that follow, we conclude that such decision of the trial court was not unreasonable, arbitrary, or unconscionable. That is, the trial court did not abuse its discretion by concluding that Martre was not entitled to withdraw his plea determining that the request was nothing more than a "change of heart."

*Factor One: Prejudice to the State*

{¶14} Prejudice to the State is not presumed, and this factor, "is often classified as the most important factor in the balancing test." *State v. Cuthbertson*, 139 Ohio App. 3d 895, 899 (7th Dist.2000), citing *State v. Fish*, 104 Ohio App.3d 236, 240 (1st Dist.1995), *overruled on other grounds*, *State v. Sims*, 1st Dist. Hamilton No. C-160856, 2017-Ohio-8379. Here, Martre argues that there was no prejudice to the State because his case was less than a year old and witnesses were available and cooperative. However, the State contends that the nature of sex cases

(sex offense cases with minor child victims) do not improve with age, and that all of its witnesses were present and ready to proceed on the day of trial (prior to Martre's acceptance of the negotiated plea agreement). Importantly, it is reasonable to presume that those witnesses may now not be available (two years later) nor may they offer the same level of cooperation as the date of Martre's plea. Thus extrapolating, the prejudice to the State is not finite, but rather, continuous and indefinite given the facts before us. We conclude the first factor weighs in favor of the State.

*Factor Two: Representation Afforded to Defendant*

{¶15} Martre argues that factor two weighs in his favor. We disagree. Martre asserts that his counsel's performance was deficient based upon his failure to communicate and argues that he was "duped" into pleading to the charges on the morning of the trial. The State contradicts this argument by highlighting counsel's presence at all hearings, his preparedness for those hearings (many of which were pre-trial negotiations), and the filing of various pre-trial motions some of which were successful. (*See* Doc. Nos. 8-10, 23, 70). In our review of the record and this factor, we are directed to Martre's change of plea hearing and the trial court's colloquy. During that hearing, Martre was asked directly about his communication with his counsel, their discussions relating to discovery and the projected outcome of a trial, and regarding his counsel's performance. (May 14, 2018 Tr. at 3, 4).

Martre (a college graduate) offered affirmative responses to each of the trial court's questions indicating that he understood what he was charged with, the possible outcomes of a conviction for those offenses, and that he was satisfied with his counsel of record's representation. (*Id*. at 4, 5). And to address Martre's argument regarding being under duress or being "duped," simply stating the projected outcome of a trial based upon the evidence (however colloquial) is not necessarily duress. *State v. Robinson*, 12th Dist. Butler No. CA2013-05-085, 2013-Ohio-5672, ¶ 23, quoting *State v. Shugart*, 7th Dist. Mahoning No. 08 MA 238, 2009-Ohio-6807, ¶ 37.

**{¶16}** We note the trial court characterized Martre's testimony as "colloquial." (Doc. No. 73). Martre's counsel of record's advice "constitut[ed] nothing more than counsel's attempts to provide [Martre] with informed advice, to relay worst case scenarios to him, and to make recommendations to him on how to proceed." *Id*., citing *State v. Eberle*, 12th Dist. Clermont No. CA2009-10-065, 2010-Ohio-3563, ¶ 57. Understanding how a jury would perceive a cell phone video of Martre touching the breasts of his 9-year-old live-in, ex-girlfriend's daughter where only his forearm is visible (with distinguishing and identifiable tattoo's

matching those on Martre's forearm) would seem to meet this exact criterion. We conclude that this factor weighs in favor of the State.

*Factors Three & Eight: Extent of the Hearing held pursuant to Crim.R. 11 & Defendant's Understanding of the Nature of the Charges and Potential Sentences*

{¶17} Martre concedes that the third and eighth factors do not weigh in his favor. For ease of discussion we will address those factors together, since, they relate to the change of plea hearing and Crim.R. 11 colloquy.

{¶18} The trial court conducted an appropriate change of plea hearing. (*Id.* at 1-27). At that hearing, the trial court engaged in a thorough Crim.R. 11 colloquy with Martre, informing him of all the rights he was waiving in pleading no-contest to the charges. (*Id.* at 2-20). Further, the trial court informed Martre that he was giving up his right to a jury trial, his right to confront witnesses, his right to subpoena witnesses to appear on his behalf, his privilege against self-incrimination, and the right to have the State prove all the elements of each offense beyond a reasonable doubt. (*Id.* at 17-19). Lastly, the trial court gave Martre a detailed explanation of the charges against him, the consequences of his plea to those charges, and ample opportunities to ask questions. (*Id.* at 5-17). We agree with Martre and conclude that the trial court provided Martre with a proper change of plea hearing making no error in its Crim.R. 11 colloquy or in assessing Martre's understanding of the nature

of his charges and potential sentences. Factors three and eight weigh in favor of the State.

*Factor Four: Extent of Motion to Withdraw Hearing*

{¶19} Martre argues that counsel failed to conduct a comprehensive hearing on his motion to withdraw his plea. Martre specifies that his counsel did not obtain additional information through a subpoena or through an additional investigation. Conversely, the State argues that the defense was given a full evidentiary hearing on his request and Martre was able to testify on his own behalf. At the hearing Martre disclosed to the trial court the letters (from his recent ex-girlfriend) that formed the foundation of his plea withdrawal. Nevertheless, the trial court found those letters an insufficient basis to grant Martre's request because she (his recent ex-girlfriend) had no authority to impact the progression of the case in the manner stated. (Doc. No. 73).

{¶20} At the hearing, Martre also discussed the search warrant claiming it was not provided to him in discovery. However, Martre testified regarding the issues raised and the trial court found that the evidence submitted by Martre told a different story. (*See* July 18, 2018 Tr. at 1-26); (*See* Doc. No. 73). Specifically, Martre testified that *he had known of the search warrants existence* since May 25, 2017 when he was arrested in Toledo on a domestic violence charge. (*Id.* at 7-13); (PSI). The trial court is in the best position to evaluate the credibility of the

witnesses that stand before it. *State v. Ganguly*, 10th Dist. Franklin No. 14AP-383, 2015-Ohio-845, ¶ 17. More specifically, the trial court was in the best position to determine if Martre's plea was intelligently, knowingly, and voluntarily given. The trial court concluded "there was no indication that [Martre] did not understand the nature of the charges and possible penalties before he pled no contest" noting the record supported the finding that Martre intelligently, knowingly, and voluntarily entered his plea. (Doc. No. 73). We conclude this factor also weighs in favor of the State.

*Factors Five & Seven: Trial Court's Full and Fair Consideration of the Motion & Stated Reasons for the Motion*

**{¶21}** Martre concedes that the trial court considered the evidence put forth at the hearing to withdraw his plea. However, he argues that counsel's ineffective performance in the presentation of the evidence prevented the trial court from reviewing the issues at hand. The State argues that the defense had its discovery response since December 19, 2017 (and by Martre's own admission at the motion to withdraw plea hearing), and that Martre was aware of the search warrant's existence since May 25, 2017.[8] (July 18, 2018 Tr. at 10-13). Martre also admitted that at the time of his no-contest plea, he was aware the search warrant existed and that the search warrant was noted in discovery; the very same discovery he asserted

---

[8] Martre was charged with domestic violence on or around May 25, 2017. (PSI). This charge was eventually dismissed. (*Id.*).

(in open court) that he had discussed with his counsel. (*Id.* at 13, 14, 24, 25). We are reminded that a failure to file a suppression motion is not per se ineffective assistance of counsel. *Kimmelman v. Morrison*, 477 U.S. 365, 384, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986), cited in *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52, 2000-Ohio-448 (2000), habeas corpus granted in part by *Madrigal v. Bagley*, 276 F.Supp.2d 744 (N.D.Ohio 2003). Moreover, to constitute ineffective assistance of counsel, there must also be a reasonable probability that the motion would have been successful. *State v. Pierce*, 3d Dist. Paulding No. 11-09-05, 2010-Ohio-478, ¶ 34, citing *State v. Robinson*, 108 Ohio App.3d 428, 433, 670 N.E.2d 1077 (3d. Dist.1996); *State v. Ligon*, 3d Dist. Defiance No. 4-2000-25, 2001-Ohio-2231, 2001 WL 676377, ¶ 2. Thus, the trial court would have had to predicate a finding of ineffective assistance of trial counsel upon a determination of whether there was a reasonable probability that the motion to suppress would have been successful despite any proffer as to what evidence might form the basis for his assertion.

{¶22} Seeing that his (back-door *Brady* violation) arguments were unsuccessful, Martre, then, adapts his argument regarding the non-existence of the search warrant in his discovery packet to focus on the lack of clarity regarding the dates listed on the search warrant alleging that the search warrant dates were dispositive to the instant case. We disagree with Martre's contention and conclude

that the trial court gave Martre's arguments full and fair consideration. The trial court is not required to accept the incredible as true. *State v. Davis*, 3d Dist. Allen Nos. 1-17-44 and 1-17-45, 2018-Ohio-4368, 2018 WL 5433883, ¶ 63, citing *State v. Mattison*, 23 Ohio App.3d 10, 14, 490 N.E.2d 926 (8th Dist.1985), e.g. *Schaefer v. Cincinnati*, 75 Ohio App. 288, 292, 62 N.E.2d 102 (1st Dist.1945). We conclude that both factors five and seven weigh in favor of the State.

*Factor Six: Reasonableness of timing of the Motion*

{¶23} Martre contends that his motion was timely. The State disagrees. We conclude that the motion to withdraw his plea was made timely. While the State highlights the actual filing date of the motion, we note that Martre almost immediately (and upon receipt of a letter from his recent ex-girlfriend) approached the trial court regarding withdrawal of his plea by letter.[9] Upon becoming aware of the position of his client, counsel of record filed the motion to withdraw "guilty" plea within eight days. (June 14, 2019 Tr. at 1-6); (Doc. Nos. 70, 112). Martre maintained his position that he wanted to withdraw his no-contest plea (continuously) and until the second sentencing hearing during which he withdrew his pro se motions (one of which was a motion to withdraw his plea) and elected to proceed to sentencing. (June 21, 2018 Tr. at 1-5); (July 18, 2018 Tr. at 1-35);

---

[9] We are unable to determine the date of the first letter received by the trial court as it was not located in the record and only referenced in the transcript from June 21, 2018. (June 21, 2018 Tr. at 1-3).

(August 14, 2018 Tr. at 1-6); (August 21, 2018 Tr. at 3-5); (Doc. Nos. 112-115). We conclude that this factor weighs in favor of Martre.

*Factor Nine: Whether the accused was perhaps not guilty or had a complete defense to the charges*

{¶24} It is important to note that Martre never promoted his actual innocence or revealed a complete defense to his case (other than his challenge to the search warrant). And, in that regard, he never indicated the basis upon which he would file the motion to suppress the search warrant, and how that would operate as a barrier to a finding of guilt or a complete defense to the underlying charges. Interestingly, Martre admitted to inappropriately touching (his 9-year-old live-in ex-girlfriend's daughter) on two separate occasions in the presentence investigation report ("PSI"). (PSI). Notwithstanding his PSI admission, it is uncontroverted that Martre's forearm is identifiable (in the cell phone video) through his distinguishing tattoos. This factor weighs in favor of the State.

{¶25} Upon our review of the reasonable-and-legitimate-basis factors as to whether the trial court erred by denying Martre's motion to withdraw his plea, we conclude that the trial court did not abuse its discretion in denying such a request. Accordingly, Martre's first assignment of error is overruled.

**Assignment of Error No. II**

**The trial counsel for the defendant was ineffective and therefore violated the defendant's right to effective assistance of counsel**

> **pursuant to the Sixth and Fourteenth Amendments of the United States Constitution and Article One Section Ten of the Ohio Constitution.**

*Standard of Review*

{¶26} In his second assignment of error, Martre argues that his counsel of record failed to see/read the search warrant or supporting affidavit from the Toledo Municipal Court referenced in the discovery documents, and therefore, failed to investigate potential suppression issues. Martre contends that the suppression issue would have operated as a complete defense.

{¶27} Normally, in order to prevail on a claim of ineffective assistance of counsel, an appellant must meet the test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). However, because this case involves a no-contest plea and a pre-sentence motion to withdraw that plea, there is a different two-prong analysis that is applied. Martre must first show that counsel's performance was deficient. *Strickland* at 687; *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.Ed.2d 715 (1992). If Martre is able to establish that his counsel's performance was deficient, his second hurdle is to make a showing there is a reasonable probability that, but for, counsel's errors, he would not have entered his guilty plea and would have instead chosen to go to trial. *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). *See Xie* at 524. Since "[l]icensed attorneys are presumed competent" it follows that Martre bears the burden of proof

to establish that his counsel of record was ineffective. *State. v. Jones*, 3d. Dist. Auglaize No. 02-2000-07, 2000-Ohio-1879, 2000 WL 1420271, ¶ 2 citing *see e.g. State v. Hoffman*, 129 Ohio App.3d 403, 407, 717 N.E.2d 1149 (6th Dist.1998).

*Analysis*

**{¶28}** Martre argues that counsel's failure to see/read the search warrant issued in Toledo and failure to investigate a suppression issue constituted ineffective assistance of counsel. We disagree.

**{¶29}** What Martre is arguing is that his defense counsel failed to investigate his claims entirely. "Defense counsel has a duty to investigate the circumstances of [Martre's] case and explore all matters relevant to the merits of the case []." *Goodwin v. Johnson*, 632 F.3d 301, 318 (6th Cir.2011). Martre has the burden of demonstrating that his counsel rendered ineffective assistance by failing to conduct an adequate investigation. *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶ 104, (2011) citing *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 and *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 62. *See State v. Herring*, 142 Ohio St.3d 165, 2014-Ohio-5228, 28 N.E.3d 1217, ¶ 135 (death penalty vacated because of failure to conduct thorough and adequate mitigation investigation).

**{¶30}** There is no dispute here that counsel failed to see/read or investigate the suppression issue regarding the cellphone video. Martre's counsel admits he

made a mistake of fact regarding where the investigation began which resulted in his failure to see/read the search warrant at issue, and thereby, investigate potential suppression issues. (July 18, 2018 Tr. at 26, ¶ 4; 32, ¶ 8-13; 33, ¶ 12-15). Thus, we conclude that counsel's performance was deficient according to *Strickland*. However, this conclusion does not end our inquiry.

{¶31} Martre must now establish prejudice. The prejudice inquiry in cases involving pleas resembles the inquiry engaged in by courts reviewing ineffective assistance of counsel as it relates to error alleged to have occurred during the course of a trial. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Meaning, Martre must be able to show that (had he been permitted to challenge the search warrant through counsel's investigation) his challenge would have been successful. Here, to successfully establish prejudice, Martre "must [make a] show[ing] that there [was] a reasonable probability that, but for [Martre's] counsel's errors he would not have pleaded [no contest] and would have insisted on going to trial." *Id.*

{¶32} Even if Martre's counsel had seen/read the search warrant, there is nothing in the record by way of a proffer that the outcome of Martre's case would have been different. Assuming for the sake of argument that there was a defect in the search warrant and underlying affidavit (which has not been alleged here), and Martre's counsel did file the motion to suppress, Martre has still made no showing

that the motion to suppress would have had a *great likelihood of success resulting in suppression of the cell phone video* at issue. We are offered only conjecture and presupposition without a factual basis. Suppression motions must be pled with particularity and failure to file a suppression motion is not per se ineffective assistance of counsel. *See* Crim.R. 47; *Kimmelman v. Morrison*, 477 U.S. 365, 384, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986), cited in *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52, 2000-Ohio-448 (2000), habeas corpus granted in part by *Madrigal v. Bagley*, 276 F.Supp.2d 744 (N.D.Ohio 2003). While in this instance the failure to file constitutes a deficiency in the adequacy of counsel's investigation, it does not necessarily follow that Martre was prejudiced by counsel's failure. To constitute ineffective assistance of counsel, there must also be a reasonable probability that the motions would have been successful. *State v. Pierce*, 3d Dist. Paulding No. 11-09-05, 2010-Ohio-478, ¶ 34.

{¶33} It is clear that Martre knew of the existence of the search warrant, and its underlying affidavit, for approximately one year prior to the attempt to withdraw his no-contest plea. (July 18, 2018 Tr. at 7-12). Specifically, Martre was detained in the Lucas County Jail on May 25, 2017 (on domestic violence charges) when he saw the search warrant (for the cellphone) which he alleged was dated May 28th or 29th. (*Id*. at 7-14); (PSI). Thus, it is reasonable to conclude that Martre was aware of alleged defect in the warrant at the time he entered his plea on May 14, 2018. He

only disclosed that he was concerned about the date listed on the search warrant after entering his no-contest pleas. (*Id*. at 33, ¶ 12-15). Importantly, we fail to see how the date of search warrant impacted Martre's decision to enter a no-contest plea on the morning of his jury trial.

{¶34} Moreover, Martre does not dispute that it was his forearm (with the distinguishing and identifiable tattoos) on his cell phone video touching his 9-year-old live-in ex-girlfriend's daughter's breasts. So, even if we were to disregard his admissions at both the change of plea hearing and in the PSI, there is sufficient evidence to convict him with the cellphone video alone. So, without being able to establish that the cellphone video would have been suppressed, Martre is not able to establish that his counsel's inactions amounted to prejudice so as to undermine his decision to enter the no-contest plea and forego a jury trial. Having concluded that Martre cannot establish the prejudice prong of ineffective assistance espoused in *Hill*, Martre's second assignment of error is overruled.

{¶35} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**SHAW and WILLAMOWSKI, J.J., concur.**

**jlr**