[Cite as *State v. Edwards*, 2023-Ohio-3213.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### UNION COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,

      v.

ZACHERY LEE EDWARDS,

      DEFENDANT-APPELLANT.

CASE NO. 14-23-11

O P I N I O N

---

**Appeal from Union County Common Pleas Court**
**Trial Court No. 2021-CR-0196**

**Judgment Affirmed**

**Date of Decision:  September 11, 2023**

---

**APPEARANCES:**

    *Alison Boggs* **for Appellant**

    *Andrew M. Bigler* **for Appellee**

**WILLAMOWSKI, J.**

{**¶1**} Defendant-appellant Zachery L. Edwards ("Edwards") appeals the judgment of the Union County Court of Common Pleas, alleging that the trial court erred by denying his motion to withdraw his plea. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{**¶2**} On September 30, 2021, Edwards was indicted on seven counts of rape in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree, and two counts of rape in violation of R.C. 2907.02(A)(2), felonies of the first degree. On August 11, 2022, Edwards pled guilty to two counts of rape in violation of R.C. 2907.02(A)(1)(b). The remaining seven counts in the indictment were then dismissed at the request of the State.

{**¶3**} On October 28, 2022, Edwards appeared for his sentencing hearing and made an oral motion to withdraw his guilty pleas. In response, the trial court rescheduled the sentencing hearing. On February 23, 2023, the trial court held a hearing on Edwards's motion to withdraw. Neither party presented any testimony at this hearing. On March 6, 2023, the trial court denied Edwards's motion to withdraw his guilty plea. The trial court issued its judgment entry of sentencing on March 14, 2023.

*Assignment of Error*

**{¶4}** Edwards filed his notice of appeal on April 12, 2023. On appeal, he raises the following assignment of error:

> **The trial court erred when it overruled appellant's oral motion to withdraw his plea before he was sentenced.**

Edwards asserts that the factors courts are to consider in evaluating motions to withdraw pleas weigh in his favor.

*Legal Standard*

**{¶5}** Under Crim.R. 32.1, a defendant may make a motion to withdraw a guilty plea before his or her sentence is imposed.

> 'A presentence motion to withdraw a guilty plea should be freely and liberally granted.' * * * A defendant does not, however, have an 'absolute right' to withdraw his or her plea, even when a motion to withdraw is made before sentencing.

*State v. Barnes*, --- Ohio St.3d ---, 2022-Ohio-4486, --- N.E.3d ---, ¶ 13, quoting *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). "Before ruling on a defendant's presentence motion to withdraw his plea, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for withdrawing the plea." *Barnes* at ¶ 13.

**{¶6}** "The determination whether there is a reasonable and legitimate basis for the defendant's request to withdraw his plea is 'within the sound discretion of the trial court." *Barnes* at ¶ 13, quoting *Xie* at paragraph two of the syllabus. For this reason, a trial court's ruling on a motion to withdraw a guilty plea will not be

reversed in the absence of an abuse of discretion. *Id.* "An abuse of discretion is not merely an error of judgment." *State v. Sullivan*, 2017-Ohio-8937, 102 N.E.3d 86, ¶ 20 (3d Dist.). "Rather, an abuse of discretion is present where the trial court's decision was arbitrary, unreasonable, or capricious." *State v. Howton*, 3d Dist. Allen No. 1-16-35, 2017-Ohio-4349, ¶ 23. "When the abuse of discretion standard applies, an appellate court is not to substitute its judgment for that of the trial court." *State v. Richey*, 2021-Ohio-1461, 170 N.E.3d 933, ¶ 40 (3d Dist.).

*Legal Analysis*

{¶7} On review, appellate courts have typically relied upon a list of nine factors to evaluate a trial court's decision on a motion to withdraw a plea. These nine factors are as follows:

> (1) whether the withdrawal will prejudice the prosecution; (2) the representation afforded to the defendant by counsel; (3) the extent of the hearing held pursuant to Crim.R. 11; (4) the extent of the hearing on the motion to withdraw the plea; (5) whether the trial court gave full and fair consideration of the motion; (6) whether the timing of the motion was reasonable; (7) the stated reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charges.

*State v. Bingham*, 2019-Ohio-3324, 141 N.E.3d 614, ¶ 42 (3d Dist.). *See State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist. 1995), *overruled on other grounds by State v. Sims*, 2017-Ohio-8379, 99 N.E.3d 1056 (1st Dist.); *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist. 1980).

{¶8} However, in *State v. Barnes*, the Ohio Supreme Court stated that this nine-factor analysis was not applicable in a situation where the defendant became aware of new evidence that would have affected his decision to enter a plea. In the wake of this decision, several of our sister appellate districts have concluded that the nine-factor analysis continues to apply outside of the situations that are factually similar to the distinct set of circumstances described in *Barnes*. *State v. Wroten*, 2023-Ohio-966, 211 N.E.3d 842, ¶ 31 (2d Dist.); *State v. Kohler*, 5th Dist. Delaware No. 22 CAA 10 0068, 2023-Ohio-1772, ¶ 14-15; *State v. Grier*, 6th Dist. Lucas No. L-21-1263, 2023-Ohio-207, ¶ 26; *State v. Johnson*, 8th Dist. Cuyahoga No. 111448, 2023-Ohio-371, ¶ 43. *See also State v. Wallace*, 3d Dist. Henry No. 7-23-04, 2023-Ohio-3014, ¶ 30-33.

{¶9} In reaching this conclusion, our sister districts have noted that the Ohio Supreme Court did not reject or overrule the nine-factor analysis but simply concluded that these "factors do not apply *here*." *Johnson* at ¶ 43, quoting *Barnes, supra*, at ¶ 24. Finding the reasoning of these other decisions to be persuasive, we join our sister districts in continuing to apply the nine-factor analysis to cases that do not present a situation that is factually similar to *Barnes*. *Wroten* at ¶ 31; *Kohler* at ¶ 15; *Grier* at ¶ 26; *Johnson* at ¶ 44-45. Since Edwards has not alleged that he became aware of new evidence that would have affected his decision to enter a plea, we will use the nine-factor analysis to evaluate the trial court's decision.

{¶10} *Whether withdrawal will prejudice the prosecution*:  In its brief, the State concedes that it did not argue the prosecution would be prejudiced by the withdrawal of the guilty plea and suggests that this factor should weigh in favor of the defendant.  However, the trial court concluded that this factor "adds weight to the denial of Defendant's motion."  (Doc. 70).

{¶11} *The representation afforded to the defendant by counsel*:  During the course of this case, Edwards was represented by attorneys from three different firms. In its judgment entry, the trial court conducted an extensive summary of Edwards's representation, concluding that these attorneys were experienced in criminal law and were "highly competent."  (Doc. 70).

{¶12} *The extent of the hearing held pursuant to Crim.R. 11*:  On August 12, 2022, the trial court engaged Edwards in a thorough Crim.R. 11 colloquy.  When asked to enter his plea, Edwards hesitated, indicating that he did not feel that he could proceed.  The trial court then gave Edwards time to confer with defense counsel.  After returning to the courtroom, the trial judge explained the substance of the Crim.R. 11 colloquy again.  Edwards then indicated that he wanted to proceed and enter a plea of guilty.  In its decision, the trial judge concluded that Edwards was given a full Crim.R. 11 hearing.[1]

---

[1] A visiting judge who did not preside over the Crim.R. 11 colloquy decided the motion to withdraw.

{¶13} *The extent of the hearing on the motion to withdraw the plea*: In this case, the trial court held a hearing on the motion to withdraw, giving the State and the Defense an opportunity to present evidence. The Defense chose not to present any testimony. Rather, the parties opted to submit a recording of the Crim.R. 11 colloquy. The trial court reviewed this recording in the process of reaching a decision on this motion.

{¶14} *Whether the trial court gave full and fair consideration of the motion*: The trial court's judgment entry indicates that it considered the arguments of the parties and viewed the exhibit submitted at the hearing before reaching a decision. The judgment entry examines the applicable factors and fully explains the trial court's reasons for denying Edwards's motion.

{¶15} *Whether the timing of the motion was reasonable*: Edwards made his motion to withdraw on the date of his sentencing hearing. According to its brief, the State does not believe that, under the facts of this case, the timing of this motion was unreasonable. The trial court does not appear to have relied upon this factor in reaching its decision on this motion.

{¶16} *The stated reasons for the motion*: The defendant did not give any reasons for his motion to withdraw at the hearing other than that he "felt rushed to make the decision * * *." (Tr. 4). However, in this case, the trial court gave Edwards time to confer with defense counsel during the Crim.R. 11 colloquy. After being allowed time to review the plea agreement with his attorney, the trial court

explained a second time the consequences of pleading guilty. Edwards then chose proceed.

**{¶17}** *Whether the defendant understood the nature of the charges and potential sentences*: At the Crim.R. 11 colloquy, the trial court thoroughly explained the nature of the charges against Edwards and the potential penalties before giving him time to confer with counsel. After this consultation, the trial court reviewed most of these details a second time. Edwards affirmed that he understood the nature of the charges against him and each of the potential penalties he could face. He also stated that he had no questions about the content of the Crim.R. 11 colloquy.

**{¶18}** *Whether the accused was perhaps not guilty or had a complete defense to the charges*: At the hearing on the motion to withdraw, defense counsel asserted that Edwards maintained his innocence of the charges. In response, the State pointed out that he had admitted "to the PSI writer * * * that he did in fact have sexual conduct with the victim while she was under the age of 13." (Tr. 6). The State then argued that his claim of innocence at the hearing contradicted his own admissions. At this hearing, Edwards did not identify any evidence or raise any arguments that would suggest that he has a complete defense to the charges against him.

**{¶19}** In this case, Edwards did not provide the trial court with a reasonable or legitimate basis for his motion to withdraw his guilty plea in this case. Without

more, "a 'change of heart' is not sufficient justification to withdraw a plea." *State v. Martre*, 3d Dist. Allen No. 1-18-61, 2019-Ohio-2072, ¶ 12. *See State v. Burress*, 4th Dist. Lawrence No. 21CA19, 2022-Ohio-2920, ¶ 7 ("A mere change of heart is not a legitimate and reasonable basis for the withdrawal of a plea."). Having examined the evidence in the record under the applicable nine-factor analysis, we cannot conclude that the trial court abused its discretion in denying Edwards's motion to withdraw his guilty plea in this case. Accordingly, his sole assignment of error is overruled.

*Conclusion*

{¶20} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Union County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**MILLER, P.J. and WALDICK, J., concur.**

**/hls**