[Cite as *State v. Driscol*, 2022-Ohio-1810.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                   CASE NO.  8-21-36

     v.

MICHAEL L. DRISCOL,               O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR 21 04 0080

**Judgment Affirmed**

**Date of Decision:  May 31, 2022**

**APPEARANCES:**

     *Samantha L. Berkhofer* **for Appellant**

     *Stacia L. Rapp* **for Appellee**

Case No. 8-21-36

**SHAW, J.**

**{¶1}** Defendant-appellant, Michael Driscol ("Driscol"), brings this appeal from the November 4, 2021, judgment of the Logan County Common Pleas Court sentencing him to three years of community control after he pled no contest to, and was convicted of, Failure to Comply with an Order or Signal of a Police Officer in violation of R.C. 2921.331(B), a third degree felony, and Menacing in violation of R.C. 2903.22(A), a fourth degree misdemeanor. On appeal, Driscol argues that the trial court erred by denying his presentence motion to withdraw his no contest pleas.

*Background*

**{¶2}** On March 28, 2021, Driscol allegedly threatened a woman with a knife while he was in his home.[1] The woman left in a vehicle and Driscol followed her in his own vehicle. Driscol tailed the woman, passed her, and stopped in front of her. At the time, the woman believed Driscol was going to harm her.

**{¶3}** Law enforcement attempted to initiate a traffic stop of Driscol's vehicle, activating lights and sirens. Driscol fled from law enforcement, driving at speeds over 70 mph through Belle Center in Logan County. While pursuing Driscol, a law enforcement officer traveled as fast as 92 mph and Driscol was still pulling away. Pursuit was terminated when Driscol left the county. Driscol was arrested upon returning home.

---

[1] Driscol disputes threatening anyone with a knife; however, it is not the basis of his convictions in this case and we cite it only to show the escalation of events on the day in question.

{¶4} On April 13, 2021, Driscol was indicted for Failure to Comply with an Order or Signal of a Police Officer ("Failure to Comply") in violation of R.C. 2921.331(B), a third degree felony, Domestic Violence in violation of R.C. 2919.25(C), a fourth degree misdemeanor, and Aggravated Menacing in violation of R.C. 2903.21(A), a first degree misdemeanor. Driscol originally pled not guilty to the charges.

{¶5} On August 11, 2021, Driscol was scheduled to proceed to a bench trial. However, on the date of the trial, Driscol entered into a written, negotiated plea agreement. Pursuant to the agreement, Driscol agreed to plead no contest to Failure to Comply as indicted, and Driscol agreed to plead no contest to the amended, reduced charge of Menacing in violation of R.C. 2903.22(A), a fourth degree misdemeanor. In exchange for his no contest pleas to the two charges, the Domestic Violence charge would be dismissed and the parties agreed to jointly recommend a sentence of three years of community control.

{¶6} A Crim.R. 11 hearing was held wherein the trial court determined that Driscol was entering knowing, intelligent, and voluntary pleas. As part of the plea dialogue, Driscol indicated that he only recalled sporadic events from the time in question, but he did not contest what was alleged in the indictment. Driscol indicated he had received a head injury on the night in question after being kicked repeatedly. He also claimed he was only pursuing the woman in his vehicle because

she stole his cat. However, in the end, Driscol reiterated that he wanted to enter his no contest pleas. His pleas were accepted, and he was found guilty of Failure to Comply and Menacing.

{¶7} On August 27, 2021, prior to sentencing, Driscol filed a motion to withdraw his no contest pleas. His attorney also filed a motion to withdraw as counsel, stating that Driscol had indicated he had lost confidence in his attorney. A new attorney was appointed for Driscol and a hearing was scheduled on the motion to withdraw.

{¶8} On September 21, 2021, the trial court held a hearing on Driscol's motion to withdraw his no contest pleas. As his basis for the motion, Driscol's new attorney indicated that Driscol had limited contact with his prior attorney, and that Driscol was surprised coming to court in August—for his trial date—to "learn" that he was going to enter a plea. Further, Driscol's counsel indicated that Driscol wanted to pursue the affirmative defense of involuntary intoxication.

{¶9} Driscol expounded on the involuntary intoxication issue, stating that on the date in question the alleged victim gave him a "sports drink" and told him to take a drink. Driscol thought the drink was unpalatable; however, the alleged victim then purportedly told Driscol he needed "down it," so he did. Driscol claimed that

the drink must have been "laced with meth and other drugs because I tested for a high amount."[2]

{¶10} The State opposed Driscol's motion to withdraw his pleas, contending that his proposed defense of involuntary intoxication was not "new" as Driscol's prior attorney had "broached that from the very beginning" of the case. (Sept. 21, 2021, Tr. at 8). The State contended that in spite of this purported defense, numerous plea deals were discussed with Driscol and the State actually accepted a counter-offer that had been proposed *by the defense*.

{¶11} The trial court took the matter under advisement and issued a lengthy written journal entry denying Driscol's motion on October 27, 2021. In its entry, the trial court noted that Driscol had a thorough Crim.R. 11 hearing, that Driscol was represented by competent counsel who had secured a beneficial deal for Driscol, that a full hearing was held on the motion to withdraw the pleas, and that Driscol understood the penalties against him when he entered his pleas.

{¶12} The trial court did acknowledge that the State would likely not be prejudiced by a withdrawal. However, the trial court noted that the only indication that Driscol would have any type of defense in the case was his own self-serving statement that he was, in effect, drugged by the victim in this matter. As to Driscol's self-serving claim, the trial court noted that Driscol was not charged with impaired

---

[2] These quotes are taken from Driscol's presentence investigation.

driving, he had produced no actual drug tests, and there was no evidence he was under the influence at the time of his arrest. Ultimately the trial court found that Driscol was merely having a change of heart, and he did not have a reasonable and legitimate basis for withdrawing his pleas. Thus his motion was denied.

{¶13} On November 4, 2021, the matter proceeded to sentencing. The agreed, recommended sentence was imposed and Driscol was placed on three years of community control. A judgment entry memorializing his sentence was filed that same day. It is from this judgment that Driscol appeals, asserting the following assignment of error for our review.

**Assignment of Error**
**The trial court erred in refusing to allow the defendant to withdraw his no contest plea prior to sentencing.**

{¶14} In his assignment of error, Driscol argues that the trial court erred by denying his motion to withdraw his no contest pleas.

Relevant Authority

{¶15} Criminal Rule 32.1 provides that a defendant is permitted to file a presentence motion to withdraw a no-contest plea. *State v. Bingham*, 3d Dist. Allen No. 1-18-71, 2019-Ohio-3324, ¶ 41. Generally, "presentence motion[s] to withdraw * * * [no contest] plea[s] should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). However, "[a] defendant does not have an absolute right to withdraw a [no contest] plea prior to sentencing." *Id*. at paragraph one of

the syllabus. As a result, a "trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for withdrawal of the plea." *Id.*

{¶16} When reviewing a trial court's denial of a presentence motion to withdraw a no contest plea, this Court considers several factors, including, but not limited to: (1) whether the withdrawal will prejudice the prosecution; (2) the representation afforded to the defendant by counsel; (3) the extent of the hearing held pursuant to Crim.R. 11; (4) the extent of the hearing on the motion to withdraw the plea; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the stated reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charges. *Bingham* at ¶ 42 citing *State v. Lane*, 3d Dist. Allen No. 1-10-10, 2010-Ohio-4819, ¶ 21. None of the factors is determinate on its own and there may be numerous additional aspects weighed in each case. *State v. North*, 3d Dist. Logan No. 8-14-18, 2015-Ohio-720, ¶ 16.

{¶17} Ultimately, "[t]he decision to grant or deny a presentence motion to withdraw a [no contest] plea is within the sound discretion of the trial court." *Xie* at paragraph two of the syllabus. "Therefore, appellate review of a trial court's decision to deny a presentence motion to withdraw a [no contest] plea is limited to whether the trial court abused its discretion." *Bingham* at ¶ 43. An abuse of

discretion connotes that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980). When applying this standard, a reviewing court may not simply substitute its judgment for that of the trial court. *State v. Adams*, 3d Dist. Defiance No. 4-09-16, 2009-Ohio-6863, ¶ 33.

Analysis

**{¶18}** In addressing the factors to be considered when evaluating a presentence motion to withdraw a plea listed above, Driscol focuses his argument on factors five and nine, contending that the trial court erred by failing to give full and fair consideration to his motion to withdraw his pleas (factor five), and that the trial court erred by failing to determine that he had a complete defense to the charges through his claim of involuntary intoxication (factor nine).

**{¶19}** Notably, Driscol does not contest or make arguments regarding his representation (factor two); the extent of his Crim.R. 11 hearing (factor three); the extent of the hearing on the motion to withdraw his pleas (factor four); or whether he understood the nature of the charges and potential sentences (factor eight). Regardless, in the interests of justice we will address each of the factors above in turn.

**{¶20}** As to the first factor, there was no indication that the State would be prejudiced by allowing the pleas to be withdrawn. The trial court found as much,

and we do not find that there was any abuse of discretion in making this determination. Thus this factor actually weighs in Driscol's favor.

**{¶21}** As to the second factor above, the record indicates that Driscol was afforded competent representation. Although his relationship with his original attorney may have deteriorated, Driscol's original attorney negotiated a deal wherein Driscol would face less possible incarceration, and the original attorney negotiated a plea deal wherein there would be a joint sentencing recommendation of community control. Moreover, at the Crim.R. 11 hearing, Driscol expressed satisfaction with his attorney and he indicated that he had enough time to speak with his attorney. This factor weighs against Driscol.

**{¶22}** As to the third factor, it is essentially undisputed that the trial court held a thorough Crim.R. 11 hearing, explaining penalties and answering questions that Driscol had during the hearing. When repeatedly pressed, Driscol affirmatively indicated he wanted to proceed with his pleas. This factor weighs against Driscol.

**{¶23}** Regarding the fourth factor, the trial court held a full hearing on Driscol's motion to withdraw his no contest pleas, permitting him to make any arguments that he wanted. Due to the fact that he received a full and fair hearing, this factor weighs against Driscol.

**{¶24}** As to the fifth factor, Driscol contends that the trial court did not give full and fair consideration to his motion. The record reflects otherwise. The trial

court heard Driscol's arguments at the hearing, then took the matter under advisement. Over a month later, the trial court issued a lengthy journal entry analyzing all of Driscol's arguments. This factor weighs against Driscol.

**{¶25}** Regarding factor six and whether the timing of the motion was reasonable, the motion was made less than a month after the plea hearing. Although the trial court found that the timing could be unreasonable, there is case authority indicating that the motion to withdraw was filed within a reasonable time. *See State v. Chatman*, 2d Dist. Montgomery No. 25766, 2014-Ohio-134, ¶ 10 (indicating that roughly two weeks after the plea was accepted was a reasonable time to file a motion to withdraw, but ultimately finding that there was no legitimate basis to permit withdraw of the plea). Thus this factor could weigh in Driscol's favor.

**{¶26}** As to factor seven, the stated reasons for the motion to withdraw, this factor touches upon factor nine in this case—whether the accused had a complete defense to the charges. Driscol's primary reason for his motion to withdraw was his claim that he had a complete defense to the charges through involuntary intoxication. He argued that he was drugged by the victim in this matter, possibly with, at least, methamphetamine.

**{¶27}** While involuntary intoxication is an affirmative defense, *State v. Luebrecht*, 3d Dist. Putnam No. 12-18-02, 2019-Ohio-1573, ¶ 25, there are numerous issues with Driscol's argument. First and foremost, as noted by the State,

Driscol and his attorney were both aware of this potential defense at the time the plea was negotiated, which, again, was made on the date trial was scheduled to begin.

{¶28} Second, there is no actual evidence in the record that Driscol was intoxicated on the evening in question beyond his own self-serving statements. He was not arrested for any intoxication-related crimes and we do not have any test results before us. *See State v. Powers*, 4th Dist. Pickaway No. 03CA21, 2004-Ohio-2720, ¶ 19 (presentence motion to withdraw properly denied where defendant only presented "bald assertions" and self-serving statements supporting claim of innocence).

{¶29} Third, it would be Driscol's burden to establish involuntary intoxication, and we find it, at best, questionable that he remembers the events before and after his criminal acts, but he conveniently cannot recall his criminal actions. Moreover, even by his own self-serving statement, Driscol apparently willingly consumed the whole beverage that he claims was purportedly spiked. Given all these reasons, we do not find that the trial court abused its discretion by determining that Driscol's stated reasons for his motion (factor five) and his claim to a complete defense (factor nine) were not valid reasons supporting a withdrawal of his plea.

**{¶30}** Finally, as to the eighth factor, it is essentially undisputed that Driscol fully understood the nature of the charges and potential sentences. Thus this factor also weighs against Driscol.

**{¶31}** In sum, Driscol arguably had two factors weighing in his favor: the lack of prejudice to the prosecution and the timing of his motion. The remaining factors all weigh against granting his motion—or at the very least, we could not find that the trial court abused its discretion in finding that the factors weighed against him. For these reasons, we do not find that the trial court abused its discretion by denying Driscol's presentence motion to withdraw his no contest pleas. *State v. North*, 3d Dist. Logan No. 8-14-18, 2015-Ohio-720, ¶ 27 (concluding that the trial court did not abuse its discretion by overruling presentence motion to withdraw guilty plea even though there was a lack of prejudice to the prosecution and the timing of his motion was reasonable); *see also State v. Rickman*, 3d Dist. Seneca No. 13-13-15, 2014-Ohio-260, ¶ 13; *State v. Fields*, 1st Dist. Hamilton No. C-090648, 2010-Ohio-4114, ¶ 14. Therefore, Driscol's assignment of error is overruled.

*Conclusion*

**{¶32}** For the foregoing reasons, Driscol's assignment of error is overruled and the judgment of the Logan County Common Pleas Court is affirmed.

***Judgment Affirmed***

**MILLER and WILLAMOWSKI, J.J., concur.**

**/jlr**