[Cite as *State v. Thomas*, 2024-Ohio-2611.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

ISA JAMAL THOMAS,

    DEFENDANT-APPELLANT.

CASE NO. 6-23-15

O P I N I O N

Appeal from Hardin County Common Pleas Court
Trial Court No. CRI 20232122

Judgment Affirmed

Date of Decision:  July 8, 2024

APPEARANCES:

    *Howard A. Elliott* **for Appellant**

    *Morgan Fish* **for Appellee**

**MILLER, J.**

{¶1} Defendant-appellant, Isa Jamal Thomas ("Thomas"), appeals the September 29, 2023 judgment of sentence of the Hardin County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On July 12, 2023, Thomas was indicted on eleven drug-related charges, including: Count One of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(a), a fifth-degree felony; Count Seven of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(b), a third-degree felony; and Count Eight of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), (C)(1)(c), a third-degree felony. At his initial appearance on July 26, 2023, Thomas was appointed trial counsel and entered not guilty pleas.

{¶3} Thomas appeared for a change-of-plea hearing on September 5, 2023. Pursuant to a negotiated-plea agreement, Thomas withdrew his not guilty pleas with respect to Counts One, Seven, and Eight. At the request of the State, Count Seven was amended from aggravated possession of drugs to attempted aggravated possession of drugs in violation of R.C. 2923.02(A) and 2925.11(A), (C)(1)(b), a fourth-degree felony. Thomas then entered guilty pleas to Counts One, Seven (as amended), and Eight. In exchange, the State recommended dismissal of the remaining counts. The trial court accepted Thomas's plea and found him guilty of Counts One, Seven (as amended), and Eight.

{¶4} On September 27, 2023, Thomas appeared for sentencing. At the commencement of the hearing, Thomas made an oral motion to withdraw his guilty pleas. After hearing brief arguments, the trial court denied Thomas's motion. Thomas was then sentenced to 11 months in prison on Count One, 17 months in prison on amended Count Seven, and 30 months in prison on Count Eight. Pursuant to the joint-sentencing recommendation, the trial court ordered the sentences to be served consecutively for an aggregate term of 58 months.[1]

{¶5} Thomas filed a timely notice of appeal.

### First Assignment of Error

**The Defendant/Appellant received ineffective assistance of counsel in the trial court wherein [he] had been determined indigent for purpose of securing counsel at the trial court level, and counsel failed to file an affidavit of indigency to challenge the mandatory fines upon a conviction of a felony three drug offense where there appears to be reasonable likelihood that Defendant/Appellant would be determined to be indigent, and as such, the mandatory fine was improperly imposed and the matter must be reversed and remanded to the trial court for further proceedings.**

{¶6} In his first assignment of error, Thomas argues his trial counsel was ineffective for failing to file an affidavit of indigency with respect to the mandatory fine. Thomas alleges his trial counsel failed to raise a challenge to the imposition of the mandatory fine and that it is "certainly . . . [a] possibility" that the mandatory

---

[1] In addition to the prison sentences, the court imposed discretionary fines for Count One and Seven as well as a mandatory fine for Count Eight, albeit less than the statutory amount. Appellant challenges only the imposition of the mandatory fine.

fine would have been waived if it had been challenged. (Appellant's Brief at 9). For the reasons that follow, we disagree.

*Relevant Law*

**{¶7}** "In criminal proceedings, a defendant has the right to effective assistance of counsel under both the United States and Ohio Constitutions." *State v. Evick*, 2020-Ohio-3072, ¶ 45 (12th Dist.). A defendant asserting a claim of ineffective assistance of counsel must establish: (1) counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to show counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial strategies prompted by reasonable professional judgment. *Strickland* at 689. Counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 675 (1998). Tactical or strategic decisions, even if unsuccessful, do not generally constitute ineffective assistance of counsel. *State v. Frazier*, 61 Ohio St.3d 247, 255 (1991). Rather, the errors complained of must amount to a substantial violation of counsel's essential duties to his client. *See State v. Bradley*, 42 Ohio St.3d 136, 141-142 (1989).

**{¶8}** Prejudice results when "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Bradley* at 142, quoting *Strickland* at 694. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.*, quoting *Strickland* at 694.

*Analysis*

**{¶9}** In support of his argument that his trial counsel was ineffective, Thomas argues that his trial counsel failed to file an affidavit of indigency with respect to the mandatory fine.

**{¶10}** This court has held that "[t]he failure to file an affidavit of indigency prior to sentencing may constitute ineffective assistance of counsel if the record shows a reasonable probability that the trial court would have found the defendant indigent and relieved the defendant of the obligation to pay the fine had the affidavit been filed." *State v. Elrod*, 2016-Ohio-987, ¶ 8 (3d Dist.). However, our review of the record does not support Thomas's argument that a failure to file a written affidavit of indigency resulted in the trial court ordering him to pay the mandatory fine.

**{¶11}** At the sentencing hearing, Thomas's trial counsel made an oral motion requesting the trial court to waive the mandatory fine of $5,000.00, which the trial court was required to impose pursuant to R.C. 2929.18(B)(1). In support of the motion, Thomas's counsel stated as follows:

> We would make an oral motion asking the Court to consider waiving the mandatory fine of $5,000 in this case. Mr. Thomas is currently incarcerated and has been so for 68 days. He's been unemployed for that time. He has no assets at this point. He did qualify for court-appointed counsel.
>
> The joint[ly] recommended sentence does reflect a future of incarceration with the Ohio Department of Rehabilitation and Corrections, so the likelihood that he is going to be able to produce income to be able to pay that fine is pretty slim, Your Honor. He's going to have other court costs and costs of prosecution to be worrying about other than the $5,000 mandatory fine. So we would ask the Court to take that into consideration and waive that mandatory fine for this defendant, Your Honor.

(Sept. 27, 2023 Tr. at 8-9).

{¶12} After imposing a prison term, the trial court addressed the mandatory fine and stated:

> You are not under any type of physical disability; however, you have a great deal of prison time that you are facing. It's the opinion of the Court a $5,000 mandatory fine together with the other fines that I gave you would be an undue hardship, so I'm not going to order the $5,000 mandatory fine. I'm going to cut that down to half of that, which is 2,500.

(*Id.* at 17-18).

{¶13} Accordingly, the record indicates that the trial court gave full consideration to the oral motion to waive the fine and considered the totality of Thomas's circumstances and financial situation before ordering him to pay a portion of the mandatory fine. Furthermore, based on that consideration, including the impact that Thomas's incarceration would have on his present and future ability to pay, the trial court reduced the fine by half. Thus, based on our review of the record,

-6-

we do not find that Thomas was prejudiced by his counsel's failure to file a written affidavit of indigency. *See State v. Harrison*, 2015-Ohio-1419, ¶ 95 (3d Dist.). Therefore, Thomas has not established that he received ineffective assistance of trial counsel.

{¶14} Thomas's first assignment of error is overruled.

**Second Assignment of Error**

**The trial court committed reversible error when it denied without benefit of hearing or affording the Defendant the opportunity to speak to Defendant's motion for leave to withdraw his plea orally, before the imposition of sentence.**

{¶15} In his second assignment of error, Thomas argues that the trial court abused its discretion by denying his presentence motion to withdraw his guilty plea.

{¶16} "The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." *State v. Xie*, 62 Ohio St.3d 521 (1992), paragraph two of the syllabus. "Therefore, appellate review of a trial court's decision to deny a presentence motion to withdraw a guilty plea is limited to whether the trial court abused its discretion." *State v. Keehn*, 2014-Ohio-3872, ¶ 14 (3d Dist.). An abuse of discretion is more than a mere error in judgment; it suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980). "When applying this standard, a reviewing court may not simply substitute its judgment for that of the trial court." *Keehn* at ¶ 14, citing *State v. Adams*, 2009-Ohio-6863, ¶ 33 (3d Dist.).

{¶17} A motion to withdraw a guilty plea is governed by Crim.R. 32.1, which provides:

> A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

Although "a presentence motion to withdraw a guilty plea should be freely and liberally granted[,] . . . a defendant does not have an absolute right to withdraw a plea prior to sentencing." *Xie* at 527.

{¶18} "A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.* at paragraph one of the syllabus.

> When reviewing a trial court's denial of a presentence motion to withdraw a guilty plea, this court considers several factors, including: (1) whether the withdrawal will prejudice the prosecution; (2) the representation afforded to the defendant by counsel; (3) the extent of the hearing held pursuant to Crim.R. 11; (4) the extent of the hearing on the motion to withdraw the plea; (5) whether the trial court gave full and fair consideration of the motion; (6) whether the timing of the motion was reasonable; (7) the stated reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charges.

*State v. Liles*, 2019-Ohio-3029, ¶ 11 (3d Dist.). "None of the factors is determinative on its own and there may be numerous additional aspects 'weighed' in each case." *State v. North*, 2015-Ohio-720, ¶ 16 (3d Dist.).

{¶19} Thomas argues that, contrary to the trial court's conclusion, the above-listed factors weigh in favor of him withdrawing his guilty plea. After reviewing the record, we disagree.

{¶20} At the commencement of the September 27, 2023 sentencing hearing, the parties had the following conversation with the trial court:

[Trial counsel]: Your Honor, prior to the Court sentencing, my client did communicate to me that he was desirous of making an oral motion to the Court asking that the Court consider allowing him to withdraw his previously-tendered guilty pleas as to . . . the three counts that were pled to on September 5th of 2023, Your Honor.

He has indicated that he believes he was not informed properly of the plea negotiations, that he did not understand that he was agreeing to a prison sentence. He believed that he was going to be ordered to attend a drug treatment facility. He also believes that because his bond was not modified to a straight O-R bond without an electronic monitor provision that that would also negate any agreements that were placed on the record on September 5th, Your Honor.

[Trial court]: Any response from the State?

[State]: Your Honor, I'm not really sure how Mr. Thomas didn't understand what the recommendations were. The plea negotiations were reduced to writing, which he executed and signed. I believe the Court has the executed copy. They were placed on the record. It's clearly marked that a prison term would be imposed. The State actually was prepared to go to sentencing that day and did request to do so, I believe.

As to bond, we had no agreement as to bond, Your Honor, per the agreement. I know he did indicate and ask that the bond be modified, and the Court did put in a slight modification as to that. I do not believe that there is any valid reason. The Court had a thorough colloquy with him regarding his rights that he was waiving, and he made a knowing, intelligent, and voluntary plea to those charges. This appears to be just a case of buyer's remorse, and I don't really foresee a reason to honor a withdraw of the plea here on the day of sentencing, Your Honor.

[Trial court]: The Court will deny that motion. First of all, he did sign the plea agreement. It is very explicit in what the terms of the plea agreement was. He told me when I asked that he read it. He told me that he reviewed it with his attorney. He told me that he understood. We also did the waiver of rights and plea form in this case, which he signed in open court after he tells me he read it and that he reviewed it with his attorney and that he understood it.

I asked him multiple times going through the plea if he understood. I asked him multiple times if he had further questions. I asked him multiple times if he needed to stop, take a break, and ask his attorney any questions. So it is not credible to me that this gentleman – who, quite frankly, in my conversations with him appears to be a fairly intelligent man—it's not credible to accept that he did not understand what he was doing. He may now no longer like what he was doing or did, but certainly the record reflects that he had every opportunity to inquire, to be informed, and that he understood at the time exactly what he was doing. So that motion will be denied.

-10-

(Sept. 27, 2023 Tr. at 3-6). The trial court then proceeded to sentencing. When viewing the record in light of the factors set forth above, we find that the trial court did not abuse its discretion by denying Thomas's motion to withdraw his guilty pleas.

**{¶21}** No arguments were made with respect to the first factor, whether the State would be prejudiced by the withdrawal of the guilty plea, other than the State's comment that it requested to proceed directly to sentencing at the change-of-plea hearing.

**{¶22}** Second, although Thomas argues that his trial counsel was ineffective for failing to file an affidavit of indigency, we addressed that concern in our analysis of Thomas's first assignment of error and found Thomas's argument to be without merit. Thomas makes no other arguments relating to trial counsel's representation, and our review of the record finds no indication that Thomas's trial counsel was ineffective.

**{¶23}** With respect to the third factor, the extent of the hearing pursuant to Crim.R. 11, Thomas does not directly challenge the extent or sufficiency of the change-of-plea hearing pursuant to Crim.R. 11. To the extent that Thomas argues that he was not adequately informed that the joint recommendation included a term of incarceration rather than programming at a drug-treatment facility, the record belies his claim. At the change-of-plea hearing, the State recounted the parties' agreement, including the jointly-recommended terms of incarceration. (Sept. 5,

2023 Tr. at 4-5). Both Thomas and his trial counsel indicated that the agreement proffered by the State was a correct statement of the parties' agreement. (*Id.* at 6). At one point during the change-of-plea hearing, Thomas indicated a desire to speak to his trial counsel, which the trial court granted. (*Id.* at 7-9). At the conclusion of his off-the-record conversation between Thomas and his trial counsel, Thomas indicated that the conversation satisfied his concerns. (*Id.* at 9-10). Furthermore, Thomas, his trial counsel, the State, and the judge signed the plea agreement after the judge again addressed its contents. (*Id.* at 11-12). Notably, at this time, Thomas once more affirmed that he had read the plea agreement and understood its contents. (*Id.*).

{¶24} Regarding the fourth and fifth factors, although the trial court did not postpone sentencing to conduct a separate hearing on Thomas's oral motion, the record indicates that the trial court, nonetheless, gave the motion full and fair consideration. Given the argument made in the oral motion, the trial court was able to quickly ascertain that the motion was without merit. In so doing, the trial court noted Thomas's statements acknowledging his understanding of the terms of the parties' joint recommendation.

{¶25} Next, the sixth factor, regarding the reasonableness of the timing of the motion, weighs against Thomas. The motion was made at the commencement of the sentencing hearing and, prior to that time Thomas made no request to withdraw his plea or indicate his lack of understanding of the terms of the parties'

jointly-recommended sentence. The timing of the motion, which was made just prior to sentencing, is highly suspect and makes the motion appear frivolous.

{¶26} With respect to the seventh and eighth factors, Thomas's stated reason for the motion to withdraw his plea was his purported lack of understanding that the jointly-recommended sentence included terms of incarceration rather than substance-abuse treatment. However, as addressed in our discussion of the third factor, Thomas's argument is severely undermined by the record—namely, his repeated assertions that he understood the plea agreement, which had also been reduced to writing and which explicitly included terms of incarceration for each offense.

{¶27} Finally, with respect to the ninth factor, Thomas makes no argument that he was perhaps not guilty or had a complete defense to the charges. Notably, Thomas admitted the veracity of the facts underlying his convictions and does not attempt to challenge those admissions.

{¶28} After reviewing all the applicable factors, we conclude that the trial court did not err by denying Thomas's motion to withdraw his guilty plea. Thomas's second assignment of error is overruled.

*Conclusion*

{¶29} For the foregoing reasons, Thomas's assignments of error are overruled. Having found no error prejudicial to the appellant herein in the

particulars assigned and argued, we affirm the judgment of the Hardin County Court of Common Pleas.

***Judgment Affirmed***

**WALDICK and ZIMMERMAN, J.J., concur.**

**/hls**