[Cite as *State v. Taylor*, 2024-Ohio-4537.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

TIMOTHY TAYLOR,

    DEFENDANT-APPELLANT.

CASE NO. 9-24-02

O P I N I O N

Appeal from Marion County Common Pleas Court
General Division
Trial Court No. 22-CR-066

Judgment Affirmed

Date of Decision: September 16, 2024

APPEARANCES:

    *W. Joseph Edwards* for Appellant

    *Martha Schultes* for Appellee

**WALDICK, J.**

{¶1} Defendant-appellant, Timothy Taylor ("Taylor"), appeals the judgment of conviction and sentence entered against him in the Marion County Court of Common Pleas, following his plea of no contest to an arson registration violation, a fifth degree felony. On appeal, Taylor argues that the trial court erred in denying his presentence motion to withdraw his no contest plea. For the reasons set forth below, we affirm the judgment of the trial court.

*Procedural Background and Relevant Facts*

{¶2} This case originated on January 26, 2022, when the Marion County grand jury returned a single-count indictment against Taylor, charging him with an arson registration violation, a fifth-degree felony in violation of R.C. 2909.15(H).

{¶3} On December 15, 2022, an arraignment was held and Taylor entered an initial plea of not guilty. Over ten months of pretrial proceedings then ensued.

{¶4} On November 6, 2023, the case was resolved with a negotiated plea of no contest. Pursuant to the plea arrangement, Taylor withdrew his original plea of not guilty and entered a plea of no contest to the indictment. In exchange, the prosecution agreed to jointly recommend a sentence of community control and further agreed to not seek an indictment against Taylor for a second arson registration violation offense. After advising Taylor of the rights he was waiving by entering the plea, explaining the potential consequences, and ensuring that Taylor

was entering the plea in a knowing, intelligent, and voluntary fashion, the trial court accepted the no contest plea. At that time, the trial court indicated that a sentencing hearing would be held in three to four weeks. The trial court also modified Taylor's bond to permit his release from jail while awaiting sentencing.

{¶5} On November 8, 2023, the trial court filed an assignment notice scheduling a sentencing hearing for December 5, 2023.

{¶6} On November 14, 2023, Taylor filed a motion to withdraw his plea of no contest. The motion asserted that it was being made pursuant to Crim.R. 32.1 but set forth no specific basis or grounds upon which Taylor was requesting he be permitted to withdraw his plea.

{¶7} On November 20, 2023, the State of Ohio filed a response opposing Taylor's motion to withdraw his plea.

{¶8} On December 5, 2023, the parties appeared for the previously scheduled sentencing hearing. At that time, the trial court permitted Taylor to be heard on the motion to withdraw the no contest plea. Taylor took the stand and testified that he believed he was not guilty of the charge to which he had pled no contest, based on his claim that he did not have a duty to register as an arson offender in Marion County. Taylor also testified that he had been under duress at the time he entered the no contest plea. After hearing testimony and argument from Taylor in support of his position and a brief statement from the prosecution in opposition to Taylor's motion, the trial court reviewed the factors relevant to Taylor's motion and then

found, on the totality of the circumstances, that permitting withdrawal of the no contest plea would not be appropriate. A sentencing hearing was then held and Taylor was sentenced to a two-year term of community control.

{¶9} On December 7, 2023, the trial court filed its judgment entry of sentencing.

{¶10} On December 11, 2023, the trial court journalized its decision denying Taylor's motion to withdraw his no contest plea.

{¶11} On January 4, 2024, Taylor filed the instant appeal, in which he raises one assignment of error for our review.

**Assignment of Error**

**The court erred when it did not allow the defendant-appellant to change his plea at the sentencing hearing.**

{¶12} In the sole assignment of error, Taylor asserts that the trial court erred by denying his motion to withdraw his no contest plea.

Crim.R. 32.1 provides:

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

{¶13} "Generally, 'presentence motion[s] to withdraw * * * [no contest] plea[s] should be freely and liberally granted.'" *State v. Driscol*, 2022-Ohio-1810, ¶ 15 (3d Dist.), quoting *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). "However, '[a] defendant does not have an absolute right to withdraw a [no contest] plea prior to

sentencing.'" *Driscol*, at ¶ 15, quoting *Xie,* at paragraph one of the syllabus. "As a result, a 'trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for withdrawal of the plea.'" *Id*.

{¶14} When reviewing a trial court's denial of a presentence motion to withdraw a plea, this Court must consider several factors, including but not limited to: (1) whether the withdrawal will prejudice the prosecution; (2) the representation afforded to the defendant by counsel; (3) the extent of the hearing held pursuant to Crim.R. 11; (4) the extent of the hearing on the motion to withdraw the plea; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the stated reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charges. *State v. Thomas*, 2024-Ohio-2611, ¶ 18 (3d Dist.), citing *State v. Liles*, 2019-Ohio-3029, ¶ 11 (3d Dist.). "'None of the factors is determinative on its own and there may be numerous additional aspects "weighed" in each case.'" *Thomas*, at ¶ 18, quoting *State v. North*, 2015-Ohio-720, ¶ 16 (3d Dist.).

{¶15} "Without more, 'a "change of heart" is not sufficient justification to withdraw a plea.'" *State v. Edwards*, 2023-Ohio-3213, ¶ 19 (3d Dist.), quoting *State v. Martre*, 2019-Ohio-2072, ¶ 12 (3d Dist.)

{¶16} "The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." *State v. Xie*, 62 Ohio

St.3d 521 (1992), paragraph two of the syllabus. "'Therefore, appellate review of a trial court's decision to deny a presentence motion to withdraw a [no contest] plea is limited to whether the trial court abused its discretion.'" *State v. Bingham*, 2019-Ohio-3324, ¶ 43 (3d Dist.), quoting *State v. Keehn*, 2014-Ohio-3872, ¶ 14 (3d Dist.).

**{¶17}** In the instant case, the record reflects that Taylor testified he wanted to withdraw his plea because he felt that he was not guilty of the charge to which he had pled no contest. The indicted charge in this case was based upon the allegation that Taylor, an arson offender, had failed to register in Marion County as required by R.C. 2909.15. At the hearing on the motion to withdraw, while Taylor claimed that he did not have a duty to register as an arson offender in Marion County, the facts he testified to in support of his claim were very convoluted and rather unclear. More importantly, the trial court asked Taylor whether he had knowledge of those facts at the time he entered the no contest plea, and Taylor said that he did. Following additional inquiry by the trial court, Taylor confirmed that the motion to withdraw his plea was not based on a claim of newly discovered evidence. Taylor further testified that he entered the no contest plea under duress, explaining that he had wanted to get out of jail and had entered the no contest plea so that he would be released.

**{¶18}** Upon reviewing the record in light of the applicable factors set forth above, we conclude that the trial court did not abuse its discretion in denying Taylor's motion to withdraw the no contest plea.

{¶19} *Whether withdrawal will prejudice the prosecution*: As to the first factor, the trial court found that there would be some prejudice to the prosecution by allowing a withdrawal of the plea. However, given the timeframe in the case, we find that such prejudice, if any, would be minimal.

{¶20} *The representation afforded to the defendant by counsel*: During the pendency of this case, Taylor was represented by counsel at all times. The trial court found, and we agree, that Taylor's counsel was competent and the record reflects no lapse in the competent nature of that representation.

{¶21} *The extent of the hearing held pursuant to Crim.R. 11*: When Taylor entered his no contest plea on November 6, 2023, the trial court engaged him in a thorough Crim.R. 11 colloquy. Prior to the trial court accepting the no contest plea, Taylor readily acknowledged his understanding of all the information provided to him by the trial court, indicated that he was entering the plea voluntarily, stated that he was satisfied with the advice given to him by counsel, stated that he did not feel it was necessary to go to trial on a charge of that nature, and indicated he had no questions related to entering the plea.

{¶22} *The extent of the hearing on the motion to withdraw the plea*: As required, the trial court held a hearing on Taylor's plea withdrawal motion. At that hearing, Taylor was permitted to testify at length, and no limits were placed on the presentation of his evidence or the argument made in support of his motion.

**{¶23}** *Whether the trial court gave full and fair consideration to the motion*: After permitting Taylor and his counsel to present evidence and argument in support of the motion, the trial court ruled from the bench that the motion should be denied. However, prior to making that ruling, the trial court examined the applicable legal factors one by one, and made findings based on the evidence and record before the court that supported the denial of the motion.

**{¶24}** *Whether the timing of the motion was reasonable*:  Taylor entered his no contest plea on November 6, 2023, and filed the motion to withdraw that plea on November 14, 2023, which was not unreasonable timing.

**{¶25}** *The stated reasons for the motion*:  In Taylor's written motion to withdraw his plea, no reasons were set forth in support of the motion.  At the hearing on the motion, Taylor testified that he was not guilty of the charge at issue; however, he was quite clear that his claim of innocence was based on information that he possessed prior to entering the no contest plea.  Taylor further testified that he entered the plea under duress, due to his desire to be released from jail at that time. We find that, under the circumstances of this case, neither of those reasons constitutes a reasonable and legitimate basis for withdrawal of the plea.

**{¶26}** *Whether the defendant understood the nature of the charges and potential sentences*: At the change of plea hearing, the trial court detailed the charge in the indictment and the potential penalties that Taylor faced upon pleading no

contest. Taylor confirmed that he understood that information prior to entering the plea.

**{¶27}** *Whether the accused was perhaps not guilty or had a complete defense to the charges*: At the hearing on the motion to withdraw, Taylor maintained his innocence of the charge in the indictment. However, while Taylor testified at length as to his claim of innocence, his testimony failed to establish the reasonableness of that claim with any clarity whatsoever.

**{¶28}** Upon the facts reflected by the record in this case, we conclude that Taylor's motion to withdraw his no contest plea was based merely on a change of heart, and that the trial court did not abuse its discretion in determining that no valid reason to withdraw the plea had been established.

**{¶29}** The assignment of error is overruled.

*Conclusion*

**{¶30}** Having found no error prejudicial to the defendant-appellant in the particulars assigned and argued, the judgment of the Marion County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**ZIMMERMAN and MILLER, J.J., concur.**